**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

COREY CORTEZ GAINES,

Defendant-Appellant.

No. 06-5096

(N.D. Oklahoma)

(D.C. No. 05-CR-132-01-JHP)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**I.     Introduction**

Defendant-Appellant Corey Cortez Gaines was tried and convicted by a jury of knowing and intentional distribution of more than fifty grams of a mixture

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). He was sentenced to 205 months' imprisonment followed by five years of supervised release. On appeal, Gaines challenges the foundation for the evidentiary admission of an audiotaped telephone conversation and also contends the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose prior to trial an audio recording containing allegedly exculpatory evidence. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms** Gaines' conviction.

## II.    Background

Beginning in late 2004, the Kansas Bureau of Investigation ("KBI") began taping telephone calls between a confidential informant and Gaines as part of a drug investigation. On January 5, 2005, using three-way telephone technology, KBI Special Agent Steve Rosebrough initiated and monitored a telephone call to an individual the confidential informant identified to Rosebrough as Gaines.

Four days later, on January 9, Rosebrough and KBI Special Agent Tim Holsinger observed a controlled purchase of crack cocaine which had been pre-arranged by the confidential informant. Using a photograph, Rosebrough and Holsinger identified Gaines as the individual who met with and sold drugs to the confidential informant. Over the course of the two-hour surveillance period, the officers also heard the confidential informant speak to Gaines by cell phone. Rosebrough made audio and video recordings of the controlled buy and audio

recordings of some of the informant's conversations during the two hours leading up to the buy.

In addition to the recordings Rosebrough made from his surveillance vehicle, the confidential informant wore a recording device for the entirety of the two-hour period during which he was waiting for and ultimately met with Gaines. A tape was made from the recording device, but the KBI did not inform the government about the existence of the tape until after the conclusion of the first day of trial. Gaines did not receive a copy of the tape until the morning of the second day of trial. In light of the delayed disclosure of the tape, Gaines moved to dismiss. The district court denied his motion.

### III. Discussion

Gaines' first argument on appeal, which was also raised and ruled on below, challenges the foundation for the admission of the January 5 audiotaped phone call. Because the confidential informant was unavailable to testify at trial, Rosebrough provided the necessary identification of Gaines' voice to admit the tape of the phone call into evidence. Gaines contends Rosebrough lacked firsthand knowledge of Gaines' voice and, therefore, could not authenticate the tape.

The Federal Rules of Evidence require "authentication or identification as a condition precedent to admissibility" of audiotaped evidence by means of, *inter alia*, voice identification. *See* Fed. R. Evid. 901(a), (b)(5). The identification of

-3-

a voice may be based on "opinion . . . upon hearing the voice at any time under circumstances connecting it with the alleged speaker." *Id*. 901(b)(5). Such foundational evidence may be offered in the form of lay opinion testimony, *United States v. Bush*, 405 F.3d 909, 918 (10th Cir. 2005), and need only be based on the witnesses' "minimal familiarity" with the voice, *id*. at 919. "Once minimal familiarity is satisfied, it is for the jury to assess any issues regarding the extent of the witness' familiarity with the voice." *Id*.

This court reviews for an abuse of discretion a district court's decision to admit evidence. *United States v. Zepeda-Lopez*, 478 F.3d 1213, 1219 (10th Cir. 2007). A district court's ruling will not be reversed unless we are left with "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id*. (quotation omitted). No such error in judgment occurred here. Rosebrough's identification of Gaines' voice on the January 5 phone call was based on the similarity between that voice and the voice Rosebrough heard during phone calls on January 9 prior to the conclusion of the controlled drug buy. *See United States v. Watson*, 594 F.2d 1330, 1335 (10th Cir. 1979) ("[F]amiliarity with another's voice may be acquired either before or after the particular speaking which is the subject of the identification."). Furthermore, Rosebrough was able to visually identify Gaines as Gaines drove into the parking lot where the drug buy was to occur; Rosebrough could hear Gaines simultaneously talking with the confidential

informant on the informant's cell phone when he identified Gaines.[1] Additionally, after the confidential informant entered Gaines' car to obtain the drugs and while Rosebrough was both listening to and watching the drug transaction, Rosebrough heard the confidential informant call the person in the car "Corey," leading to further confirmation the informant was speaking with Gaines. Rosebrough therefore had the requisite "minimal familiarity" to permit the admission of the January 5 audiotape.

Gaines' second argument is that the two-hour audiotape made from the recording device worn by the confidential informant on January 9 contains exculpatory evidence indicating a third person and not Gaines actually met with and sold crack cocaine to the confidential informant on January 9. Gaines contends there is a reasonable probability that earlier disclosure of this tape would have affected the outcome of the proceedings and that, in light of this material evidence, the district court's failure to grant his motion to dismiss denied him a fair trial. *See Brady*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused. . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

---

[1]In his testimony Special Agent Holsinger also visually identified the driver of the vehicle at the site of the drug buy as Gaines.

This court reviews a defendant's *Brady* claim de novo. *See United States v. Velarde*, 485 F.3d 553, 558 (10th Cir. 2007). In order to establish a *Brady* violation, the defendant must show "(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material." *Id.* (quotation omitted). Materiality under the third *Brady* prong is defined as "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 559 (quotation omitted). When exculpatory evidence is disclosed during rather than after trial, "the materiality inquiry focuses on whether earlier disclosure would have created a reasonable doubt of guilt." *United States v. Young*, 45 F.3d 1405, 1408 (10th Cir. 1995).

Regardless of whether the evidence on the tape was actually exculpatory,[2] Gaines has failed to show the delayed disclosure of the tape materially affected the outcome of the proceeding. After the existence of the tape was disclosed, Gaines and his counsel were given several hours to review its contents. The court then allowed lengthy argument from each side as it considered how to proceed. Although the court denied Gaines' motion to dismiss, it provided Gaines several opportunities to propose alternative remedies. Despite the government's explicit

---

[2]Because neither tape was admitted into evidence, this court cannot determine whether the evidence on the tape is actually exculpatory. The district court, however, found the contents of the tape were not "overtly exculpatory," and that factual finding is entitled to deference.

willingness to continue the trial for a week to give Gaines the opportunity for further investigation, Gaines declined to ask for a continuance. In fact, Gaines indicated to the court he wanted to "put this to [the] jury pretty quick." Gaines was given the opportunity to re-examine Special Agent Holsinger and, because only Holsinger had testified prior to the disclosure of the tape, Gaines also had a full opportunity to examine every other government witness with respect to any allegedly exculpatory information on the tape and to use the tape in fashioning his defense. Had the material on the tape been as clearly helpful to him as he claims, Gaines could easily have introduced the tape into evidence in order to highlight the portions of the tape he believed were exculpatory. The tape, however, was never introduced.[3] In light of this record, we conclude there is no reasonable probability the result of the trial would have been different had the tape been disclosed earlier.

---

[3]Given the late disclosure of the tape, the government never sought to introduce the tape as evidence.

**IV.    Conclusion**

Because the January 5 audiotape was properly admitted and the delay in the disclosure of the January 9 tape was not material, Gaines' conviction is **AFFIRMED.**

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge