**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

COREY CORTEZ GAINES,

      Defendant-Appellant.

No. 09-5104
(D.C. Nos. 4:08-CV-00699-JHP-PJC
and 4:05-CR-00132-JHP-1)
(N.D. Okla.)

---

**ORDER**[*]

---

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

---

Corey Cortez Gaines seeks a certificate of appealability ("COA") to

challenge the district court's denial of his petition for relief pursuant to 28 U.S.C.

§ 2255. Because Mr. Gaines has failed to make a "substantial showing of the

denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny his request

for a COA and dismiss the appeal.

Mr. Gaines was convicted by a jury of the January 9, 2005, distribution of

more than fifty grams of a mixture or substance containing a detectable amount of

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). He

received a sentence of 205 months' imprisonment. On his direct appeal, Mr.

Gaines challenged the foundation for the evidentiary admission of an audiotaped

telephone conversation made on January 5, 2005, and also contended the

government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to

disclose an additional audio recording prior to trial because it allegedly contained

exculpatory evidence. *See United States v. Gaines*, 243 F. App'x 441 (10th Cir.

2007) (*Gaines I*). We affirmed, holding that the identification of Mr. Gaines's

voice on the January 5 tape by Special Agent Stone Rosebrough authenticated the

tape and that Mr. Gaines failed to show the delayed disclosure of the second tape

materially affected the outcome of the proceeding. *Id.* at 444-50.

In November 2008, Mr. Gaines filed a § 2255 petition for habeas relief

setting forth four claims:

> (1) out of court statements made by a confidential informant were
> used against Petitioner in violation of the confrontation clause and
> *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d
> 177 (2004); (2) trial counsel was ineffective in failing to cite and rely
> on *Crawford* to exclude the voice identification; (3) appellate counsel
> was ineffective for failing to ask the Tenth Circuit to reconsider their
> decision; and (4) appellate counsel was ineffective for failing to raise
> the *Crawford* issue on direct appeal.

*United States v. Gaines*, 2009 WL 1457713 (N.D. Okla. May 22, 2009) (*Gaines

II*). The district court concluded that no *Crawford* violation took place, and that

Mr. Gaines had failed to establish the requisite prejudice necessary to sustain an

ineffective assistance of counsel claim.

We can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Mr. Gaines's appeal rests on our resolution of his Confrontation Clause claim. This is so because a conclusion that the disputed identification poses no *Crawford* problem vindicates his counsel's failure to raise the issue. Our discussion of the identification issue on Mr. Gaines's direct appeal provides context for Mr. Gaines's *Crawford* claim.

> Rosebrough's identification of Gaines' voice on the January 5 phone call was based on the similarity between that voice and the voice Rosebrough heard during phone calls on January 9 prior to the conclusion of the controlled drug buy. *See United States v. Watson*, 594 F.2d 1330, 1335 (10th Cir.1979) ("[F]amiliarity with another's voice may be acquired either before or after the particular speaking which is the subject of the identification."). Furthermore, Rosebrough was able to visually identify Gaines as Gaines drove into the parking lot where the drug buy was to occur; Rosebrough could hear Gaines simultaneously talking with the confidential informant on the informant's cell phone when he identified Gaines. Additionally, after the confidential informant entered Gaines' car to obtain the drugs and while Rosebrough was both listening to and watching the drug transaction, Rosebrough heard the confidential informant call the person in the car "Corey," leading to further confirmation the informant was speaking with Gaines. Rosebrough therefore had the requisite "minimal familiarity" to permit the

admission of the January 5 audiotape.

*Gaines I*, 243 F. App'x at 443-44 (brackets in original). Mr. Gaines contends

there was a *Crawford* violation because it was the confidential informant ("CI")

who told Agent Rosebrough that it was Mr. Gaines's voice on the January 5 tape,

and the CI did not testify at trial.

The Confrontation Clause bars the "admission of testimonial statements of

a witness who did not appear at trial unless he was unavailable to testify and the

defendant had had a prior opportunity for cross-examination." *Crawford v.

Washington*, 541 U.S. 36, 53-54 (2004). Mr. Gaines asserts that his right to

confront an adverse witness against him was violated by the admission of Agent

Rosebrough's voice identification of him on the January 5 tape when the only

basis of the agent's knowledge came from the CI.

As *Crawford* made clear, the Confrontation Clause does not bar the

admission of "statements for purposes other than establishing the truth of the

matter asserted." *Id.* at 59 n.9 (citations omitted); *see also Wilson v. Sirmons*,

536 F.3d 1064, 1111 (10th Cir. 2008) (citation omitted). Here, the confidential

informant told Agent Rosebrough that Mr. Gaines was the participant in the

January 5, 2009 phone call. The district court observed that

> [u]nlike the facts in *Crawford*, the officers in this case used the name
> provided by the confidential informant solely to obtain further
> information about the defendant, including a known photograph of
> the defendant. Thereafter, the agents were able to identify the
> defendant based upon their personal observations of the defendant

during the drug transaction.

*Gaines II*, 2009 WL 1457713 at *4. The court concluded that "the information obtained by the government agents was used solely to facilitate their investigation into the identity of Petitioner as opposed to supplying 'testimonial' evidence at trial against Petitioner . . . ." *Id.* at *5. We agree. The CI's identification of Mr. Gaines's voice in the January 5 phone call was not admitted at trial to prove the truth of that identification but only to establish the background for Agent Rosebrough's ultimate identification of Mr. Gaines as the participant in the January 9 drug sale for which he was convicted. As such, admission of the CI's identification of Mr. Gaines constituted neither a *Crawford* nor a Confrontation Clause violation.

Mr. Gaines also asserts that both trial and appellate counsel provided constitutionally ineffective assistance of counsel by failing to raise *Crawford*. To succeed on a claim of ineffective assistance of trial counsel, a petitioner must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner bears the burden of establishing both components. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The *Strickland* test also applies to claims of ineffective assistance by appellate counsel. *Id.*

Given our conclusion that the disputed voice identification was non-testimonial, it follows that neither trial nor appellate counsel were deficient for

neglecting to raise *Crawford*. Although our inquiry could stop with our conclusion that counsel's performance was not deficient, *see Strickland,* 466 U.S. at 697, we note that given the considerable evidence at trial of Mr. Gaines's distribution of drugs on January 9, 2005, he cannot demonstrate the requisite prejudice to sustain an ineffective assistance of counsel claim for either trial or appellate counsel.

In sum, Mr. Gaines has made no showing, much less a substantial showing, of the denial of a constitutional right necessary to support his request for a COA. Accordingly, we **DENY** a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge